U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 2 3 2007

CHRIS R. JOHNSON, CLERK

BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**CHARLES TAYLOR, Special Administrator
and Personal Representative for
the Estate of Kimberly Ann Taylor, deceased**     **PLAINTIFF**
4042 Old Boles Road
Boles, Arkansas 72926


**VS**     CASE No. CIV-07-2076(__)


**CODY CARPENTER, individually,** and
in his official capacity as SCOTT COUNTY SHERIFF;
**JOSEPH DEER, individually,** and
in his capacity as a SCOTT COUNTY DEPUTY SHERIFF;
**KEITH VANRAVENSWAY, individually,** and
in his capacity as a SCOTT COUNTY DEPUTY SHERIFF     **DEFENDANTS**

## COMPLAINT

COMES NOW Charles Taylor, Special Administrator of the Estate of Kimberly Ann Taylor, as personal representative for the Estate of Kimberly Ann Taylor, by and through counsel, Yoes Law Firm, P.L.L.C., and for his Complaint states:

### PARTIES, JURISDICTION, and VENUE

1. Charles Taylor ("Plaintiff") is the duly appointed and acting personal representative for the Estate of Kimberly Ann Taylor.

2. Plaintiff is a resident and citizen of the State of Arkansas. At all times relevant to this action Plaintiff has been a resident of Boles, Scott County, Arkansas.

3. Each individual Defendant, at all times relevant to this action has been, and continues to be, a citizen and resident of Scott County, Arkansas.

4. Scott County is a political subdivision of the State of Arkansas.

5. The Plaintiff sues Joseph Deer, and Keith Vanravensway (collectively "Defendants" hereinafter), each individually and in his official capacity as a Scott County Deputy, for violation of the rights secured to Kimberly Ann Taylor by the Constitutions of the United States of America and of the State of Arkansas. Plaintiff sues Sheriff Cody Carpenter under Count III only because he was the duly acting and elected Sheriff of Scott County and as such was a policymaker at all times relevant to this action.

6. Defendants were, all times relevant hereto, duly acting and appointed Deputy Sheriffs, acting under color of law for and in Scott County, Arkansas.

7. All actions of the defendants which are the subject of this Complaint have been taken by state actors under color of state law; and, have deprived the Plaintiff of various rights and privileges which are secured by the Constitution and laws of the United States of America; and, the Constitution and laws of the State of Arkansas

8. This action is brought under 42 U.S.C. Section 1983 to redress violation of Plaintiff's Constitutional rights, and under the Arkansas Civil Rights Act of 1993 ("ACRA").

9. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3) over Plaintiff's federal claims, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367. Furthermore, this Court has personal jurisdiction over the Parties, and venue is proper in this court under 28 U.S.C. Section 1391(b).

10. The motor vehicle collision and resulting death of Kimberly Ann Taylor, which is the subject matter of this action, occurred in Scott County, Arkansas.

# BACKGROUND and
# GENERAL ALLEGATIONS OF FACT

11. June 15, 2006, at approximately 4:03 p.m. Kimberly Ann Taylor, the deceased, was operating her 1996 GMC Jimmy Sport Utility vehicle (VIN # 1GKCS13W4T2504996) traveling Southbound along U.S. Highway 71B with her vehicle fully under control in a safe and prudent manner, traveling within the posted speed limit, and maintaining a proper and prudent lookout; and, in compliance with A.C.A. Sect. 27-51-901.

12. At the same time a Dodge Durango, owned and operated by the Scott County Sheriff's department, operating under the direct control of Deputy Sheriff Joseph Deer and the supervision of Deputy Sheriff Keith Vanravensway, Deputy Deer's senior and superior officer, was traveling Northbound along U.S. Highway 71B at an extremely high rate of speed well in excess of twice the posted speed limit in route to the scene of a motor vehicle accident (hereinafter "MVA 1"). The Sheriff's Dodge Durango was in route pursuant to a general dispatch issued by the Scott County Sheriff's office.

13. The Sheriff's Dodge Durango was traveling in route to MVA 1 in violation of A.C.A. Section 27-51-202 without emergency lights in operation; and, without operating, or sounding, its emergency siren.

14. MVA 1 occurred on U.S. Highway 71 at the intersection of Locus Bottom Road at Booth Hill; approximately 12.5 miles from Deputy Sheriff Joseph Deer's point of dispatched departure.

15. Deputy Sheriff Keith Vanravensway, a senior officer and Deputy Sheriff Joseph Deer's superior, was traveling in the Sheriff's vehicle with Deputy Sheriff Joseph Deer.

16. At approximately 4:03 p.m., approximately 90 feet South of the intersection of Loop Drive and U.S. Highway 71B the Scott County Sheriff's vehicle operated by Deputy Sheriff Joseph Deer while traveling at an excessive and unwarranted rate of speed simultaneously traveled around or through an "S" curve, as graphically shown on the attached Exhibit "A", and topped a rise in the highway at a location well known to prohibit the visibility of oncoming traffic from either direction; and, also locally well known and acknowledged as an extremely hazardous and dangerous segment of U.S. Highway 71B.

17. Upon topping the rise in the highway, Deputy Sheriff Joseph Deer applied the brakes of his vehicle; and, after skidding in a straight line approximately 89 feet 9 inches his vehicle crossed the center line of the highway into the Southbound traffic lane impacting the front left fender area of the 1996 GMC Jimmy Sport Utility vehicle operated by Kimberly Ann Taylor in the Southbound traffic lane of U.S. Highway 71B.

18. The force of the impact launched the 1996 GMC Jimmy Sport Utility vehicle operated by Kimberly Ann Taylor into the air; and, after rotating two times while in the air landed approximately 79 feet 2 inches to the NorthWest of the point of impact.

19. The posted speed limit for the relevant section of highway and the point of impact is 40 miles per hour.

20. Kimberly Ann Taylor was pinned in her vehicle for an extended time; her removal from the vehicle requiring extraction using the "Jaws of Life" to cut apart the vehicle.

21. Kimberly Ann Taylor received emergency medical treatment at the scene of the accident. Emergency air and land ambulance service was summoned for her transport to St. Edwards Mercy Medical Center.

22. After continuously suffering extreme physical pain, mental anguish, and emotional agony Kimberly Ann Taylor died at 6:10 p.m. as the direct and proximate result of multiple traumatic injuries due to, or as a consequence of, the motor vehicle accident.

## COUNT I

23. Plaintiff re-alleges the foregoing as if fully set out herein.

24. Deputy Sheriff Joseph Deer violated Arkansas law; failing to observe and comply with Arkansas Code Annotated Sections 27-51-901(c); 27-51-202; 27-37-202; and, 27-49-219. Deputy Sheriff Joseph Deer, the operator of the Sheriff's vehicle owed and breached particular duties to the plaintiff based on statutory and regulatory requirements that govern the operation of police emergency vehicles and failed to exercise care which reasonable, prudent person would exercise in discharge of similar duties under like circumstances.

25. Arkansas statutory law and the Constitution of the United States of America accorded Kimberly Ann Taylor certain clearly established rights as a citizen of the U.S.A. and Arkansas.

26. By virtue of the facts alleged herein, Defendants denied Kimberly Ann Taylor her Constitutional right to the enjoyment of life, liberty, and pursuit of happiness as secured to her by the 14th Amendment to the Constitution of the United States of America.

27. As a direct and proximate cause of Defendants' acts or omissions alleged herein, Kimberly Ann Taylor died. Indifferent to the consequences, the defendants intentionally acted in such a way that the natural and probable consequence of their acts was injury to the plaintiff.

28. As a result, Plaintiff has suffered loss of property, lost earning capacity, lost wages, lost fringe benefits, loss of consortium, loss of life, loss of enjoyment of life, suffered severe physical pain, and suffered extreme mental and emotional distress. Especially severe and agonizing emotional distress and mental anguish to Kimberly Ann Taylor during the remaining moments of her life as her dying declarations expressed that she was well aware she was dying and cognizant of her young children living the remainder of their youth without her maternal care or attention.

29. Defendant's acts have been so egregious so as to warrant the imposition of punitive damages and shock the conscience of ordinary citizens living in a civilized society.

30. Deputy Sheriff Joseph Deer acted in violation of Arkansas Code Annotated Sections 27-51-202; 27-37-202; and, 27-49-219 with deliberate indifference; and, without due regard for the safety of all persons using the

highway; and, with reckless disregard of the safety of others through his unnecessary, unwarranted, and reckless operation of the Sheriff's vehicle at excessive speed while traveling over a segment of a public highway well known and recognized to present an especially hazardous condition of which he was aware. It would be clear to a properly trained and reasonable officer that such conduct was unlawful in the situation and circumstances attendant to the actions of Deputy Sheriff Joseph Deer

31. Deputy Sheriff Joseph Deer's operation of the vehicle was in such a deliberate, conscious, indifferent, and reckless manner; and, at a rate of speed so excessive, unnecessary, and unwarranted under the circumstances creating with disregard such hazard and extreme danger as to be shocking to the conscience of ordinary citizens living in a civilized society. Again, it would be clear to a properly trained and reasonable officer that such conduct was unlawful in the situation and circumstances attendant to the actions of Deputy Sheriff Joseph Deer

32. Deputy Sheriff Joseph Deer knew or should have known in light of the surrounding circumstances, that his conduct would naturally or probably result in injury; and acting with conscious indifference the defendant continued such conduct in the reckless disregard of the consequences from which malice can be inferred; that his operation of the vehicle would more likely than not create a hazard or danger, causing injury to innocent citizens entitled to Constitutional protections he was violating. Both Deputy Sheriff officers knew, or should have known, that the section of U.S. Highway 71B over which they were traveling at an extremely high rate of speed was particularly dangerous; and, that the purpose of their dispatch was not one of exigent or extreme emergency circumstances. Their decision to embark upon and continue to engage in high speed vehicle operation as they did creating and exposing all persons using the highway to hazard and danger without due regard for the safety of all persons using the highway; and, with reckless disregard of the safety of others was with full and conscious awareness and in violation of Arkansas law and protections accorded by both the United States and the Arkansas Constitutions.

33. Deputy Sheriff Joseph Deer breached his duty to exercise ordinary care for the safety of others using the highway as required by Arkansas Code Annotated Sections 27-51-202 (b); and 27-51-901(c). He failed to maintain a proper lookout, failed to maintain control over the vehicle he was operating, and, failed to operate his vehicle at a prudent rate of speed.

34. Eric Taylor, 12-year-old son of Kimberly Ann Taylor, witnessed the collision and injury. Watching his mother die as a result of such a horrific motor vehicle accident has directly and proximately caused Eric Taylor extreme emotional distress above and beyond the normal grief and sense of loss occasioned by the loss of life of a parent.

35. Tonya Edgar, sister of Kimberly Ann Taylor, alongside Kimberly Ann Taylor's 12 year old son, Eric, witnessed her injury, physical pain, mental & emotional suffering and agony; her extraction from the demolished vehicle she had been operating; and, the last moments of her life following the collision. Watching her sister suffer and die as a result of such a horrific motor vehicle accident alongside her young nephew has directly and proximately caused Tonya Edgar extreme emotional distress above and beyond the normal grief occasioned by the loss of life of a family member.

36. Charles Taylor, husband of Kimberly Ann Taylor for 18 years, has suffered extreme emotional pain, suffering, and agony above and beyond that occasioned by the normal grief and loss suffered or experienced by the loss of a spouse.

## COUNT II

37. Plaintiff re-alleges paragraphs 1 through 23 above as if fully set out herein.

38. Deputy Sheriff Keith Vanravensway violated Arkansas law; failing to observe and comply with Arkansas Code Annotated Sections 27-51-901(c); 27-51-202; 27-37-202; and, 27-49-219. Deputy Sheriff Keith Vanravensway, as the senior officer present in the Sheriff's vehicle owed and breached particular duties to the plaintiff based on statutory and regulatory requirements that govern the operation of police emergency vehicles and failed to exercise care which reasonable, prudent person would exercise in discharge of similar duties under like circumstances.

39. Arkansas statutory law, the Constitution of the United States of America accorded Kimberly Ann Taylor certain clearly established rights as a citizen of the U.S.A. and Arkansas.

40. By virtue of the facts alleged herein, Defendants denied Kimberly Ann Taylor her Constitutional right to the enjoyment of life, liberty, and pursuit

of happiness as secured to her by the 14th Amendment to the Constitution of the United States of America.

41. As a direct and proximate cause of Defendant's acts or omissions alleged herein, Kimberly Ann Taylor died.

42. As a result, Plaintiff has suffered loss of property, lost earning capacity, lost wages, lost fringe benefits, loss of consortium, loss of life, loss of enjoyment of life, suffered severe physical pain, and suffered extreme mental and emotional distress. Especially severe and agonizing emotional distress and mental anguish to Kimberly Ann Taylor during the remaining moments of her life as her dying declarations expressed that she was well aware she was dying and cognizant of her young children living the remainder of their youth without her maternal care or attention.

43. Defendant's acts have been so egregious so as to warrant the imposition of punitive damages and shock the conscience of ordinary citizens living in a civilized society.

44. Deputy Sheriff Keith Vanravensway was Deputy Deer's superior officer and a passenger in the vehicle at all times relevant to this action.

45. Deputy Sheriff Keith Vanravensway had authority to direct and control the actions of Deputy Sheriff Joseph Deer.

46. Deputy Sheriff Keith Vanravensway acted in violation of Arkansas Code Annotated Sections 27-51-901(c); 27-51-202; 27-37-202; and, 27-49-219 with deliberate or conscious indifference; and, without due regard for the safety of all persons using the highway; and, with reckless disregard of the safety of others through his failure to act to correct or prevent Deputy Sheriff Deer's unnecessary, unwarranted, and reckless manner of operation of the Sheriff's vehicle at excessive speed while traveling over a segment of a public highway well known and recognized to present an especially hazardous condition of which he was aware. It would be clear to a properly trained and reasonable officer that such conduct was unlawful in the situation and circumstances attendant to the actions of Deputy Sheriff Keith Vanravensway.

47. Deputy Sheriff Keith Vanravensway's failure to correct or prevent Deputy Sheriff Deer's unnecessary, unwarranted, and reckless manner of operation of the Sheriff's vehicle operation of the vehicle was deliberate, conscious, indifferent, and reckless; and, under the circumstances

permitted the creation and continuance with disregard such hazard and extreme danger as to be shocking to the conscience of ordinary citizens living in a civilized society. Again, it would be clear to a properly trained and reasonable officer that such conduct was unlawful in the situation and circumstances attendant to the actions of Deputy Sheriff Keith Vanravensway.

48. Deputy Sheriff Keith Vanravensway knew or should have known that his failure to act to correct or prevent Deputy Deer's manner of operation of the vehicle would more likely than not create a hazard, or danger, causing injury to innocent citizens entitled to Statutory and Constitutional protections he was violating.

49. Deputy Sheriff Keith Vanravensway's failure to act to correct or prevent Deputy Deer's manner of operation of the vehicle breached his duty to exercise ordinary care for the safety of others using the highway as required by Arkansas Code Annotated Section 27-51-202(b) and 27-51-901(c).

50. The failure of Deputy Sheriff Keith Vanravensway, Deputy Deer's senior officer, to act to correct Deputy Sheriff Deer's manner of operation of the vehicle constituted a violation of the Plaintiff's Constitutional rights accorded by the U.S. Constitution and the Arkansas Constitution.

51. Both Deputy Sheriff officers knew, or should have known, that the section of U.S. Highway 71B over which they were traveling at an extremely high rate of speed was particularly dangerous; that the purpose of their dispatch was not one of exigent or extreme emergency circumstances; that, in light of the surrounding circumstances, that his conduct would naturally or probably result in injury; and, acting with conscious indifference the defendant continued such conduct in the reckless disregard of the consequences from which malice can be inferred. Their decision to embark upon and continue to engage in high speed vehicle operation as they did creating and exposing all persons using the highway to hazard and danger without due regard for the safety of all persons using the highway; and, with reckless disregard of the safety of others was with full and conscious awareness and deliberately indifferent to the rights and safety of other persons traveling the highway. Their action was in violation of Arkansas law and the protections accorded by the 14th Amendment to the Constitution of the United States of America.

52. The negligent and careless manner of operation of the Sheriff's vehicle constituted conduct which amounts to excessive force in the use of a deadly instrument which is under the care, custody, and control of the Sheriff and the County.

53. Eric Taylor, 12-year-old son of Kimberly Ann Taylor, witnessed the collision and injury. Watching his mother die as a result of such a horrific motor vehicle accident has directly and proximately caused Eric Taylor extreme emotional distress above and beyond the normal grief and sense of loss occasioned by the loss of life of a parent.

54. Tonya Edgar, sister of Kimberly Ann Taylor, alongside Kimberly Ann Taylor's 12 year old son, Eric, witnessed her injury, physical pain, mental & emotional suffering and agony; her extraction from the demolished vehicle she had been operating; and, the last moments of her life following the collision. Watching her sister suffer and die as a result of such a horrific motor vehicle accident alongside her young nephew has directly and proximately caused Tonya Edgar extreme emotional distress above and beyond the normal grief occasioned by the loss of life of a family member.

55. Charles Taylor, husband of Kimberly Ann Taylor for 18 years, has suffered extreme emotional pain, suffering, and agony above and beyond that occasioned by the normal grief and loss suffered or experienced by the loss of a spouse.

## COUNT III

56. Plaintiff re-alleges paragraphs 1 through 23 above as if fully set out herein.

57. Arkansas statutory law and the 14th Amendment to the Constitution of the United States of America accorded Kimberly Ann Taylor certain clearly established rights as a citizen of the U.S.A. and Arkansas. By virtue of the facts alleged herein, Defendants denied Kimberly Ann Taylor her Constitutional right to the enjoyment of life, liberty, and pursuit of happiness secured to her by the 14th Amendment to the Constitution of the United States of America.

58. Under the statutes of the State of Arkansas; and, the Scott County charter the Sheriff's department, the defendant Scott county Sheriff's department had a duty to establish and maintain a police force for the

protection of the public health, safety, and welfare. Statutes of the State of Arkansas and ordinances of Scott County further prescribe certain minimum training for police officers of the defendant Scott County Sheriff Cody Carpenter.

59. Because it is reasonably foreseeable that police officers employed by the defendant, Scott County Sheriff will be called upon to operate police vehicles for various official purposes, and will be called upon to make decisions concerning the safe operation of police vehicles under various circumstances, the defendant Scott County Sheriff has the duty to adequately train, instruct, and supervise its police officers, including defendants, Deputy Sheriff Joseph Deer and Deputy Sheriff Keith Vanravensway, in proper and safe methods of operation of a police vehicle. Such duty involves ministerial, non-policymaking acts. In their official capacity as Scott County Deputy Sheriffs the officers of the Sheriff's department customarily and regularly operate their patrol vehicles with disregard to applicable Arkansas traffic laws to such degree that their operation in such a manner constitutes constitutional deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval through official county or departmental decision making channels.

60. Cody Carpenter, individually, and in his official capacity as Scott County Sheriff, has through the action, and inaction, of the Scott County Sheriff's department by, (a) failing to formulate, implement, or supervise proper emergency response policies; (b) failing to properly train deputy officers; (c) failing to properly supervise the conduct and actions of deputy officers; (d) failing to properly maintain and properly operate emergency vehicles; and, with deliberate indifference regularly and continually allowed such conduct which amounts to dereliction and breach of the duty of safe passage over the public highways accorded, owed, and guaranteed to the public by Arkansas Statutes and the Constitutions of the United States and the State of Arkansas in such degree as to be shocking to the conscience of ordinary persons living in a civilized society.

61. By virtue of the facts alleged herein, Sheriff Cody Carpenter was deliberately and consciously indifferent to the rights secured to Plaintiff under the Constitution for the State of Arkansas and of the United States of America.

62. Accordingly, by virtue of the facts alleged herein, Sheriff Cody

Carpenter violated, and is sued under, 42 USC 1983 to redress deprivations of Plaintiff's rights under the United States Constitution.

63. Plaintiff alleges that Sheriff Cody Carpenter has, with deliberate indifference to the rights of persons with whom the police come into contact, failed to properly train the officers in the employ of his department and Scott County, Arkansas and implement policies necessary to ensure the officers in the employ of his department and Scott County, Arkansas do not violate the rights of persons with whom they come into contact. As a direct and proximate cause of his acts or omissions alleged herein, Kimberly Ann Taylor died.

64. As a result, Plaintiff has suffered loss of property, lost earning capacity, lost wages, lost fringe benefits, loss of consortium, loss of life, loss of enjoyment of life, suffered severe physical pain, and suffered extreme mental and emotional distress. Especially severe and agonizing emotional distress and mental anguish to Kimberly Ann Taylor during the remaining moments of her life as her dying declarations expressed that she was well aware she was dying and cognizant of her young children living the remainder of their youth without her maternal care or attention.

65. Defendant's acts have been so egregious so as to warrant the imposition of punitive damages and shock the conscience of ordinary citizens living in a civilized society.

## DAMAGES

66. The Defendants have with conscious disregard and deliberate indifference engaged in conduct so shocking to the conscience of ordinary persons in civilized society that they must be held responsible and accountable for (a) the extreme physical pain and suffering experienced by the deceased during the remainder of her life following her injury;(b) the extreme emotional and mental agony suffered by the deceased during the remainder of her life following her injury; (c) the extreme mental and emotional agony and distress suffered and experienced by the spouse, siblings, children, and parents of the deceased; (d) the loss of consortium of the decedent's spouse; (e) the loss of consortium of the decedent's children; (f) the loss of consortium of the decedent's parents; (g) the loss of consortium of the decedent's sibling(s); (h) the decedent's loss of the enjoyment of the remainder of her life; (i) the decedent's untimely loss of her life; and, (j) the loss of property which was damaged or destroyed all suffered by or imposed

upon the Plaintiff as the direct and proximate result of the intentional actions or inactions of the Defendants; all together in excess of the amount of 75,000.00.

67. The Plaintiff should be awarded punitive damages in such amount as may be determined necessary and appropriate by the court and the jury in this matter; (a) to effectively insure that all corrective action necessary to protect the interests and safety of the public traveling the highways of Scott County, Arkansas when encountering emergency vehicles is taken; (b) to insure that training of vehicle operators will be implemented, or modified, as necessary, to insure compliance with all applicable Arkansas law; (c) to insure a regular, independent review and determination that Scott County, Arkansas and its Sheriff's departmental policies regarding proper training, supervision, and direction of employees acting under color of law, or in official capacities, are reviewed, implemented, and followed; (d) to insure that both Scott County, Arkansas and its Sheriff's departmental policies regarding appropriate response to dispatch calls according to the attendant circumstances are implemented, or modified as necessary; all to be awarded against those governmental agencies, subdivisions, or persons in authority and responsible for official conduct and any resulting damage imposed in such amount and manner as to reasonably insure that such reprehensible conduct as in the case at hand will not be allowed; and, does not occur, in the future; all in order to implement corrective action needed to protect the interests of public safety and welfare.

68. Plaintiff prays for award of attorney fees and costs incurred in this action.

## JURY DEMAND

69. Plaintiff requests trial by jury of all issues appropriate for jury determination.

WHEREFORE, the Plaintiff prays for award and entry of judgment, jointly and severally or in such other manner as may be determined appropriate at trial, against the Defendants; (a) for such amounts of compensatory and consequential damages as may be determined at trial; (b) punitive damages in such an amount as is determined necessary and appropriate by the jury upon deliberation and consideration of all the various circumstances affecting such a determination; (c) pre-judgment interest as allowed by applicable law in the maximum amount allowed by law until paid in full; (d) post-judgment interest in the maximum amount allowed by law until paid in full; (e) a necessary and appropriate Order of the court; (i) to effectively insure that all corrective action necessary to protect the interests and safety of the public traveling the highways of Scott County, Arkansas when encountering emergency vehicles is taken; (ii) to insure that training of vehicle operators will be implemented, or modified, as necessary, to insure compliance with all applicable Arkansas law; (iii) to insure a regular, independent review and determination that Scott County, Arkansas and its Sheriff's departmental policies regarding proper training, supervision, and direction of employees acting under color of law, or in official capacities, are reviewed, implemented, and followed; (iv) to insure that both Scott County, Arkansas and its Sheriff's departmental policies regarding appropriate response to dispatch calls according to the attendant circumstances are implemented, or modified as necessary; and, (f) all other necessary or proper relief to which the Plaintiff may be entitled.

_____
**CHARLES TAYLOR, Special Administrator
and Personal Representative of the
Estate of Kimberly Ann Taylor, Plaintiff**

**YOES LAW FIRM, PLLC**, Attorneys for Plaintiffs

By: _____
**Robert E. Yoes**, ABA# 76148