## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

CHARLES TAYLOR, Special Administrator
and Personal Representative for the Estate of
Kimberly Ann Taylor, deceased                    PLAINTIFF

Vs                              NO. CIV 07-2076

CODY CARPENTER, Individually and in his
official capacity as Scott County Sheriff;
JOSEPH DEER, individually and in his
capacity as Scott County Deputy Sheriff;
KEITH VANRAVENSWAY, individually and in
his official capacity as Scott County Deputy Sheriff        DEFENDANTS

## COMPROMISE SETTLEMENT AGREEMENT

      This Compromise Settlement Agreement, including the Mutual Release attached hereto as Exhibit "A" (hereinafter the "Agreement"), is made and entered into by and between CHARLES TAYLOR, Special Administrator and Personal Representative for the Estate of Kimberly Ann Taylor, deceased.

### 1.0 Recitals

      1.1 A dispute has arisen between the undersigned parties as reflected in the pleadings and claims filed in the above-entitled and -numbered action. The claims asserted in the above-entitled and -numbered action are vigorously disputed by the parties, and all of the above parties desire to compromise, resolve and settle all of their differences and all matters of controversy that were asserted or that could have been asserted between and among them, finally and forever, and to avoid the uncertainty, time and expense of litigation, by and through the execution of this Agreement.

      1.2 In light of the pleadings filed in the above-entitled and numbered action, all money and other consideration of any description passing hereunder is both less than the party or parties receiving said consideration, and more than the party or parties yielding such consideration believe is due. The parties agree that neither the giving of any consideration hereunder nor its acceptance shall operate as, or be evidence of, any admission, either of liability for or lack of merit in, any claim hereby released, and agree that by the execution of this Agreement the parties do not admit to the truthfulness of any of the claims, denials, or allegations made by any opposing party; rather, such claims allegations and liability have been and are hereby expressly denied by each of

the undersigned parties.

1.3 The undersigned parties hereby warrant and represent that they have not transferred or assigned the claims or causes of action, or any part thereof, if any, asserted in the above-entitled and numbered action.

## 2.0 Release

2.1 Concurrently with the execution of this Agreement, the undersigned parties shall execute and deliver to one another a Mutual Release in the form attached hereto as Exhibit "A", which is incorporated herein by reference for all purposes.

## 3.0 Monetary Payments

3.1 CHARLES TAYLOR, as Special Administrator and Personal Representative for the Estate of Kimberly Ann Taylor, deceased shall accept the monetary payment of ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($175,000.00) to be paid, jointly and severally, by CODY CARPENTER, Individually and in his official capacity as Scott County Sheriff; JOSEPH DEER, individually and in his capacity as Scott County Deputy Sheriff; KEITH VANRAVENSWAY, individually and in his official capacity as Scott County Deputy Sheriff, as full monetary payment and satisfaction of any and all monetary claims CHARLES TAYLOR, as Special Administrator and Personal Representative for the Estate of Kimberly Ann Taylor, deceased may have against CODY CARPENTER, Individually and in his official capacity as Scott County Sheriff; JOSEPH DEER, individually and in his capacity as Scott County Deputy Sheriff; KEITH VANRAVENSWAY, individually and in his official capacity as Scott County Deputy Sheriff with respect to any party under this Compromise Settlement Agreement and the Mutual Release attached hereto.

3.2 All Monetary payments to be made under this Agreement shall be paid in full and received as immediately payable funds without delay of draft no later than ten (10) days following the date of execution hereof as directed herein at Section 3.4.

3.3 All monetary payments to be made under this Agreement shall be drawn or issued as jointly payable to "***Charles Taylor, Individually, and as Special Administrator and Personal Representative for the Estate of Kimberly Ann Taylor, Deceased and Robert E. Yoes, Attorney***" and delivered to plaintiff's attorney at P.O. Box 25, Fort Smith, AR  72902-0025 if by U.S. Postal mail or to 424 North "B" Street, Fort Smith, AR   72901 if made by physical delivery by courier.

## 4.0 Other Consideration

4.1 The Mutual Release and the terms of this Agreement serve as additional consideration, which all parties acknowledge and agree is good, valuable and sufficient consideration.

4.2 The separate defendant Cody Carpenter as a defendant in his official capacity shall in his official capacity as Scott County, Arkansas Sheriff cause the Scott County Sheriff department to immediately officially and formally implement and effect as permanent and continuing the following changes or provisions in its policies, procedures, and operations of the Scott County, Arkansas Sheriff's department:

> (1) Enact a protocol for accident investigation whenever a deputy sheriff is involved in an accident.
>
> (2) A copy of the policy and procedures will be delivered to each deputy and signed for; acknowledged by each deputy that he has read and received those policy and procedures.
>
> (3) Training on the policy and procedures will be conducted at least 1 time per year.
>
> (3) There will be an acknowledgment by the newly elected sheriff that he has read the policy and procedure manual.
>
> (4) Any complaint filed against a law enforcement sheriff's office deputy will be reduced to writing and kept in a separate documentation by the sheriff's office.

## 5.0 Dismissal

5.1 As soon as possible following the execution of this Agreement, the undersigned parties shall do, or shall cause their respective attorneys to do, whatever is reasonably necessary within the contemplation of this Agreement, should anything else be necessary, to fully and finally compromise, settle and resolve all matters in controversy among such parties at this time, including, without limitation, the parties obtaining the dismissal with prejudice of the aforementioned cause styled: *Charles Taylor, Special Administrator and Personal Representative for the Estate of Kimberly Ann Taylor, deceased* v. *CODY CARPENTER, Individually and in his official capacity as Scott County Sheriff; JOSEPH DEER, individually and in his capacity as Scott County Deputy Sheriff; KEITH VANRAVENSWAY, individually and in his official capacity as Scott County Deputy Sheriff, United States District Court, Western District of Arkansas, Fort Smith Division, Case No. CIV 07-2076*, including dismissal of all claims made therein, with costs and attorneys' fees to be borne by the parties incurring same.

## 6.0 Entire Agreement

6.1 This Agreement and the Exhibit attached hereto and incorporated herein by reference for all purposes constitute the entire understanding and agreement of the parties hereto as read into the official record of the court by Magistrate Judge James Marschewski June 10, 2008. In the event of any dispute or discrepancy between this Settlement Agreement and the attached

Exhibit and the terms of settlement read into the official record of the court by Judge Marschewski on June 10, 2008 the official record of the court shall supersede and control the terms and conditions of the settlement reached between the parties with respect to the subject matter hereof.

6.2 There are no representations, agreements, arrangements or understandings, oral or written, concerning the terms, conditions, or subject matter hereof between the parties hereto, which are not fully expressed herein or incorporated by reference herein to the official record of the court. The parties hereto have consulted with their respective counsel concerning the meaning and import of this Agreement and each has read this Agreement, as signified by their signatures hereto, and are executing the same after advice of counsel for the purposes and consideration therein expressed.

6.3 Each party is responsible for their own attorneys' fees incurred in connection with the above-captioned and numbered cause.

## 7.0 Modification

7.1 This Agreement may not be amended or modified except in writing, signed by the party or parties to be bound thereby, or signed by their respective counselor record in the above entitled and numbered cause, as authorized.

## 8.0 Severability

8.1 Each part of this Agreement is intended to be severable. If any term, covenant, condition or provision hereof is illegal, invalid or unenforceable for any reason whatsoever, such illegality, invalidity or unenforceability shall not affect the legality, validity or enforceability of the remaining parts of this Agreement, and all such remaining parts hereof shall be legal, valid and enforceable and have full force and effect as if the illegal, invalid or unenforceable part had not been included.

## 9.0 Binding Effect

9.1 This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights and benefits hereof, including the Exhibit hereto, shall be binding upon and shall insure to the benefit of the undersigned parties and their respective heirs, executors, administrators, representatives, officers, directors, shareholders, successors, agents, servants, employees, principals, partners, limited and general, and assigns.

## 10.0 Choice of Law

10.1 This Agreement is made, entered into and is to be performed in Scott County, Arkansas. This Agreement shall be interpreted, construed and enforced; and, its construction and performance governed, by the laws of the State of Arkansas. Notwithstanding anything to the contrary regarding the aforementioned place of performance, all monetary payment due hereunder shall be remitted to plaintiff payable jointly to plaintiff and plaintiff's attorney, Robert E. Yoes, by delivery to plaintiff's attorney at P.O. Box 25, Fort Smith, Arkansas 72902-0025 unless delivered by courier to attorney's physical address of 424 North "B" Street, Fort Smith, Arkansas 72901.

10.2 The parties hereby agree that venue of any suit or cause of action in connection herewith shall lie in Sebastian County, Arkansas.

## 11.0 Miscellaneous Matters

11.1 This Agreement and the Mutual Release provided for herein may be executed in counterparts by one or more of the undersigned, and all such counterparts so executed shall together be deemed to constitute one final agreement, as if one document had been signed by all parties hereto. Each such counterpart shall be deemed to be an original, binding the party subscribed thereto, and multiple signature pages affixed to a single copy of this Agreement shall be deemed to be a fully executed original Agreement.

11.2 Any failure or forbearance by any party hereto to exercise any right or remedy with respect to enforcement of this Agreement or any instrument executed in connection herewith shall not be construed as a waiver of any of such party's rights or remedies, nor shall such failure or forbearance operate to modify this Agreement or such instruments in the absence of a writing as provided above.

IN WITNESS WHEREOF, the parties have executed this Compromise and Settlement Agreement to be effective as of the 10th day of June, 2008.

AGREED AS TO FORM:
*Counsel for Plaintiff:*

_____
ROBERT E. YOES, # 76148
424 North "B" Street
P. O. Box 25
Fort Smith, Arkansas 72902-0025
Tel: (479) 782-4343
Fax: (479)782-7700
*Counsel for Defendants:*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, AR 72222
Telephone (501) 868-2500
Telefax (501) 868-2505

By: _____
Jason E. Owens, #2003003


I HAVE READ, UNDERSTOOD, and AGREED AS STATED HEREIN:

*Plaintiff:*

_____
CHARLES TAYLOR, both Individually and
as Special Administrator and Personal Representative for the Estate of
Kimberly Ann Taylor, Deceased


*Defendants:*

_____
CODY CARPENTER, both Individually and as in my official
Capacity as Sheriff of Scott County, Arkansas

_____
JOSEPH DEER, both Individually and as in my official
Capacity as Deputy Sheriff for Scott County, Arkansas

_____
KEITH VANRAVENSWAY, both Individually and as in my official
Capacity as Deputy Sheriff for Scott County, Arkansas

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF SEBASTIAN

BEFORE ME, the undersigned notary public, within and for said County and State, personally appeared CHARLES TAYLOR, known to me to be the person whose name is subscribed to the within instrument; and, who stated that he is the duly appointed and acting Special Administrator and Personal Representative for the Estate of Kimberly Ann Taylor, Deceased and as such is authorized and acting in his representative capacity to execute the foregoing instrument for the Estate of Kimberly Ann Taylor and in his Individual capacity and further stated and acknowledged that he had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth. Said CHARLES TAYLOR further acknowledged that he executed the same in his individual capacity for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal on this 8th day of July 2008.

MY COMMISSION EXPIRES:

_Cassandra Kay Vega_
Notary Public

[Notary Seal: CASSANDRA KAY VEGA, NOTARY PUBLIC, Comm. # 12350272, SEBASTIAN COUNTY, ARKANSAS, MY COMMISSION EXPIRES SEPT. 15, 2016]

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF Scott

BEFORE ME, the undersigned notary public, within and for said County and State, personally appeared CODY CARPENTERER, known to me to be the person whose name is subscribed to the within instrument; and, who stated
that he is the duly elected and authorized Sheriff of Scott County, Arkansas and is authorized agent of the County of Scott, State of Arkansas acting in his representative capacity to execute the foregoing instrument for and in the name and behalf of said Scott County, Arkansas, and further stated and acknowledged that he had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth. Said CODY CARPENTER further acknowledged that he executed the same in his individual capacity for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal on this 21st day of July 2008.

MY COMMISSION EXPIRES:

_Mary Jane Bates_
Notary Public

[Notary Seal: JANE BATES, NOTARY PUBLIC, EXPIRES 5-14-2011, SCOTT COUNTY, ARKANSAS]

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF Scott

BEFORE ME, the undersigned notary public, within and for said County and State, personally appeared JOSEPH DEER, known to me to be the person whose name is subscribed to the within instrument; and, who stated
that he is duly authorized as a Deputy Sheriff of Scott County, Arkansas and is authorized an agent of the County of Scott, State of Arkansas acting in his representative capacity as Deputy Sheriff to execute the foregoing instrument for and in the name and behalf of said Scott County, Arkansas, and further stated and acknowledged that he had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth. Said JOSEPH DEER further acknowledged that he executed the same in his individual capacity for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal on this 21st day of ~~June,~~ July 2008.

MY COMMISSION EXPIRES:
5-14-2011

Mary Jane Bates
Notary Public

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF Scott

BEFORE ME, the undersigned notary public, within and for said County and State, personally appeared KEITH VANRAVENSWAY, known to me to be the person whose name is subscribed to the within instrument; and, who stated
that he is duly authorized as a Deputy Sheriff of Scott County, Arkansas and is authorized an agent of the County of Scott, State of Arkansas acting in his representative capacity as Deputy Sheriff to execute the foregoing instrument for and in the name and behalf of said Scott County, Arkansas, and further stated and acknowledged that he had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth. Said KEITH VANRAVENSWAY further acknowledged that he executed the same in his individual capacity for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal on this 21st day of ~~June,~~ July 2008.

MY COMMISSION EXPIRES: 5-14-2011

Mary Jane Bates
Notary Public